**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROBERT J. MORE,**

    **Plaintiff,**

v.                                                          **Case No.  8:09-cv-498-T-30TGW**

**MICHAEL SCHIAVO, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte*. Plaintiff's allegations in this case are similar to the ones he filed at Case No. 8:08-cv-498-JSM-TGW. As described by the Magistrate Judge recommending dismissal of that case, Plaintiff's Complaint is "a rambling and incoherent narrative from which an actionable claim is not discerned." Plaintiff's Complaint and Amended Complaint in this action suffer the same deficiencies.[1] Neither the Complaint nor the Amended Complaint contain a "short and plaint statement of the grounds for the court's jurisdiction" or a "short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. While Plaintiff is proceeding *pro se*, he is still required to abide by the procedural rules of this Court.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

Plaintiff's allegations arise from what he describes as the "torture and murder of the incapacitated person Teresa Shiavo." Amended Complaint at ¶ 1. The Amended Complaint

---

[1] The Court construes the "First Superceding Component" filed by Plaintiff (Dkt. 7) as an Amended Complaint, and will hereinafter refer to the document as the "Amended Complaint."

contains numerous counts against various governmental officials and agencies.[2] Despite his claim to be proceeding "on a *plaintiff for third party plaintiff* basis for the Deceased Person - Teresa Shiavo," Plaintiff has failed to establish the requisite standing to pursue the relief he seeks.[3] Amended Complaint at ¶ 2. Accordingly, the Court concludes this action should be dismissed.

The Court notes that Plaintiff has named

> the entirety of the members of the judiciary of the United States District Court for the Middle District of Florida . . . Tampa Division . . . the entirety of the member of the Eleventh Circuit Court of Appeals other than Justices Charles Wilson and Gerald Tjoflat . . . and the entirety of the members of the Supreme Court of the United States other than the Chief Justice and Justice Alito

as defendants in this case. Amended Complaint ¶ 5. Plaintiff argues "all of such judges will have to abstain from participating in any substantial way in the adjudication of this case" and purports to move "the Executive Committee of the Middle District of Florida to invite the Honorable Charles Wilson to adjudicate this case." Amended Complaint at ¶ ¶ 6-7.

Plaintiff's attempt to "judge-shop" does not require recusal of the undersigned. As discussed by Judge Roger Vinson in United States v. Talley, 2007 WL 2208811 at *1 (N.D.Fla. July 27, 2007) (unpublished opinion):

> The law, however, does not permit such "judge-shopping," and this tactic will not be tolerated. *See, e.g., Brown v. U.S. Patent and Trademark Office,* 2007 WL

---

[2] Named defendants include members of the Shiavo family, Supreme Court Justices, George Bush, Jeb Bush, police officers, FBI agents, the United States Conference of "Catholic" Bishops, and judges at every level of the Florida and federal court systems. The Complaint also names wholly unrelated parties as defendants, such as ESPN personality Michael Golic.

[3] In his Amended Complaint, Plaintiff "prays for damages of over $1 billion dollars and for punitive damages as a jury would see fit" in regards to his claims.

446601, at *2 (11th Cir. Feb.13, 2007) (unpublished opinion) ("A party's complaints regarding judicial rulings [and] routine trial administration efforts ... are not sufficient to require recusal ."); *Woodruff v. McLane,* 2006 WL 3436045, at *1 (M.D.Ga. Nov.29, 2006) (noting that courts have "consistently held that a judge is not disqualified ... merely because a litigant sues or threatens to sue him;" a *per se* rule of disqualification in that situation "would allow litigants to judge shop by filing a suit against the presiding judge," and the same rationale must apply to a complaint of judicial misconduct); *Smartt v. United States,* 267 F.Supp.2d 1173, 1176-77 (M.D.Fla.2003) (collecting multiple cases and holding that recusal statute "is not intended to bestow a veto power over judges, or to permit 'judge-shopping' ... [T]he law does not permit [a defendant] to force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous complaints of judicial misconduct").

Plaintiff's attempt to "judge-shop" goes so far as to request a particular judge to adjudicate his claims. To the extent the Amended Complaint can be construed as a motion for recusal of the undersigned, said motion is denied.

It is therefore ORDERED AND ADJUDGED that:

1. This action is **DISMISSED**.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-498.dismissal.frm